OPINION
{¶ 1} Third-party plaintiff-appellant Meridian Insurance Company appeals from a summary judgment rendered against it on its claim for contribution against third-party defendant-appellee Cincinnati Insurance Company, and from a summary judgment rendered in favor of Cincinnati upon its claim for contribution against Meridian.
 {¶ 2} Both Meridian's and Cincinnati's claims against each other for contribution are based upon obligations that each allegedly has for underinsured motorist coverage underScott-Pontzer v. Liberty Mutual Insurance Company,85 Ohio St.3d 710, 1999-Ohio-292. Meridian recognized the claim under its policy, and made payment accordingly, but Cincinnati denied that it had any coverage. As a result of Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, neither Meridian nor Cincinnati has any underinsured motorist coverage of these claims. Consequently, neither insurance company has any obligation to make contribution to the other, the trial court did not err in rendering summary judgment that Cincinnati has no obligation to make contribution to Meridian, but the trial court did err in rendering summary judgment that Meridian has a duty to make contribution to Cincinnati.
 I {¶ 3} In 1987, while on his way home from work, Robert W. Erwin was killed in a motor vehicle accident. He was driving his own vehicle. Following her husband's death, Wendy Erwin Davis filed a wrongful death action against the tortfeasor and received a default judgment in excess of $1,750,000.
 {¶ 4} Subsequently, in 2000, Davis filed a claim against Buckeye State Mutual Insurance Company, Meridian Insurance Company and "John Doe Insurance Companies 1-5" pursuant to the Ohio Supreme Court's holding in Scott-Pontzer v. Liberty MutualInsurance Company, 85 Ohio St.3d 710, 1999-Ohio-292. The claim against Buckeye was for uninsured/underinsured coverage arising under a homeowner's policy of insurance issued to Davis. The claim against Meridian was brought for uninsured/underinsured benefits arising pursuant to a business automobile policy of insurance issued to Liberty Die Cast Molds, Inc. which was Erwin's employer at the time of his death.
 {¶ 5} A mediation was conducted among Davis, Buckeye, Meridian and Cincinnati Insurance Company.[1] A settlement was reached wherein Davis received $50,000 from Buckeye, $200,000 from Meridian and $200,000 from Cincinnati. Buckeye was dismissed from the action. Meridian and Cincinnati obtained special releases permitting them to litigate claims against each other, while permitting Davis to be dismissed from the case.
 {¶ 6} Thereafter, Meridian filed a third-party complaint against Cincinnati Insurance Company (Cincinnati), seeking contribution. Cincinnati filed a counterclaim for declaratory judgment, seeking a ruling that Davis and Erwin were not insureds under its policy and a ruling that Meridian was liable to it for contribution. Both parties filed motions for summary judgment.
 {¶ 7} Meridian admitted that it owed coverage to Davis and Erwin pursuant to Scott-Pontzer. Thus, the sole issue presented to the trial court on summary judgment was whether the two policies issued by Cincinnati to C F Fabrications, Inc. were also subject to the Scott-Pontzer holding, and whether Cincinnati was responsible for any of the payments made to Davis.
 {¶ 8} The first Cincinnati policy is a comprehensive general liability policy. The named insureds are C F Fabrications, Inc., C F Leasing, and William Mercer, A.T.I.M.A. The policy includes a business automobile endorsement. The second policy is a commercial umbrella policy naming the following as insureds: CF Fabrications, Inc., CF Leasing and William and Betty Mercer. An excess uninsured motorist coverage endorsement also names William and Betty Mercer as insureds.
 {¶ 9} On August 12, 2002, the trial court rendered summary judgment in favor of Meridian upon the ground that the Cincinnati policies were ambiguous, and were therefore subject to the holding in Scott-Pontzer.
 {¶ 10} Cincinnati filed a motion for reconsideration, based upon this court's opinion issued in White v. AmericanManufacturers Mutual Insurance Company, Montgomery App. No. 19206, 2002-Ohio-4125, which was rendered prior to the trial court's entry of summary judgment. In White, we held that the inclusion of specific named individuals in a policy of insurance eliminates Scott-Pontzer ambiguities. Id. Based upon our holding in White, the trial court granted the motion for reconsideration, and rendered summary judgment in favor of Cincinnati. Meridian appealed from this judgment.
 {¶ 11} While Meridian's appeal was pending, the Ohio Supreme Court issued its opinion in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Subsequently, Meridian filed a supplemental appellate brief, in which it has conceded that Davis and Erwin are not insureds under the Cincinnati policy. Meridian also notes that Davis and Erwin, pursuant to the holding inGalatis, are not insureds under its policy. Therefore, Meridian now argues that Cincinnati is not liable to it for contribution, and that it, likewise, is not liable to Cincinnati for contribution.
 II {¶ 12} Meridian's sole Assignment of Error is as follows:
 {¶ 13} "The trial court abused this [sic] discretion and erred as a matter of law in granting cincinnati insurance company's motion for reconsideration, granting summary judgment in favor of cincinnati insurance company and overruling meridian's motion for summary judgment."
 {¶ 14} As framed in its original brief, Meridian's sole Assignment of Error challenges not only the summary judgment rendered in favor of Cincinnati, but also the denial of Meridian's own motion for summary judgment. In its supplemental brief, Meridian acknowledges that the trial court correctly denied its own motion for summary judgment, but argues that the trial court erred in rendering summary judgment in favor of Cincinnati. In short, Meridian now argues that neither it nor Cincinnati should recover contribution against the other:
 {¶ 15} "In this case, by retrospective application ofGalatis, because neither insurer had liability to plaintiffs, complete candor necessitates that Meridian now propose to this Honorable Court that it is not entitled to contribution from [Cincinnati], and [Cincinnati] is not entitled to contribution from Meridian. Each insurer, having settled the Scott-Pontzer
claims brought against it by plaintiff, and now learning pursuant to Galatis of the demise of Scott-Pontzer claims such as these, must bear its own payment under the settlement. FollowingGalatis neither has a claim against the other."
 {¶ 16} We first address the issue raised in Meridian's original Assignment of Error; whether Cincinnati owed a duty of coverage to Davis and Erwin. Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party. Id. Moreover, it is well established that an appellate court reviews summary judgments de novo, independently and without deference to the trial court's determination. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588.
 {¶ 17} From our review of the record, our holding in White,
supra, as well as the holding in Galatis, supra, we conclude that the trial court was correct in its determination that Cincinnati did not owe coverage to Davis or Erwin.
 {¶ 18} We next address the issue raised in Meridian's new argument — whether it should be required to indemnify Cincinnati. Meridian contends that we may consider this argument even though it failed to raise the matter in the trial court. In support, Meridian cites State v. Coleman (May 9, 1996), Cuyahoga App. No. 69202 in which the Eighth District Court of Appeals stated that "[a]n appellate court may allow new issues or theories to be raised for the first time on appeal when there has been a significant change in the law since trial." Id., citation omitted. In our view, Galatis, supra, constitutes a significant change in the law applicable to the issues raised in this appeal.
 {¶ 19} Cincinnati argues that Meridian has waived this issue by failing to argue, before the trial court, that it did not owe coverage pursuant to Scott-Pontzer. However, this ignores the fact that Scott-Pontzer was, at the time, well-established as the law of Ohio as established by our Supreme Court and thatGalatis was not decided until this matter was pending on appeal.
 {¶ 20} We acknowledge that Meridian's argument before this court attempts to have us set aside the trial court's grant of summary judgment based upon an issue that was not argued in the trial court. We conclude that this is the exceptional situation, involving an intervening change in the law by a higher authority, permitting a legal argument to be made on appeal that was not made in the trial court.
 {¶ 21} We conclude that under the holding in Galatis,
neither Cincinnati nor Meridian owed any coverage to Davis and Erwin. Therefore, although Cincinnati may have paid out moneys needlessly, based upon the state of the law before Galatis was decided, Meridian has no duty of contribution, since it had no coverage under its policy for this claim.
 {¶ 22} Meridian's sole Assignment of Error is sustained, to the extent that it relates to the summary judgment for contribution rendered against it, and in favor of Cincinnati.
 III {¶ 23} Meridian's sole Assignment of Error having been sustained, in part, the summary judgment of the trial court rendered against it upon its claim for contribution against Cincinnati is Affirmed, the summary judgment rendered against it upon Cincinnati's claim for contribution from Meridian is Reversed, and this cause is Remanded for further proceedings. (In view of our holding in this appeal, it may well be that Meridian is entitled to judgment in its favor upon Cincinnati's claim against it for contribution, but we understand the state of the record to be that a summary judgment was rendered in favor of Cincinnati, against Meridian, for contribution. In our judgment on appeal, we are merely reversing that summary judgment; thus, Cincinnati's claim against Meridian for contribution remains theoretically open for adjudication.)
Wolff and Grady, JJ., concur.
[1] Cincinnati insured C F Fabrications, Inc., Davis' employer at the time of Erwin's death.